**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK HAMILTON, as parent and guardian of P.H., | ) | |
| *Plaintiff,* | ) | |
| *v.* | ) | |
| EZE CASTLE SOFTWARE LLC and EZE CASTLE SOFTWARE LLC PREFERRED PROVIDER PLAN, | ) | No.: |
| *Defendants.* | ) | |

## COMPLAINT

1. This action arises from the defendants' erroneous denial of ERISA health benefits.

2. P.H. was a healthy four-month-old infant when his family took him on a vacation to Florida.

3. During the trip, P.H. became lethargic and refused to drink or eat. He also developed a fever and had difficulty breathing.

4. His family took him to the emergency room of a local hospital, where doctors believed that P.H. had infant acute lymphoblastic leukemia, a rare form of cancer, as well as a viral infection that was likely to be exacerbated by treatment for the suspected leukemia.

5. P.H. was facing a lengthy hospitalization, and his doctor "strongly recommended" that he return home to Chicago, Illinois for treatment.

6. Because P.H. could not fly commercially or make the long drive from Florida to Illinois in his condition, an air-ambulance provider transported him to the Ann & Robert H. Lurie Children's Hospital in Chicago.

7. Although air-ambulance transportation is a covered benefit under P.H.'s health plan, Blue Cross–which administers the health benefits for the plan–denied P.H.'s related claim.

8. Mark Hamilton, as parent and guardian of P.H., brings this action under ERISA § 502(a)(1)(B), seeking benefits under the terms of P.H.'s health plan, prejudgment interest, and attorney's fees.

## PARTIES

9. Defendant EZE Castle Software LLC sponsors P.H.'s health plan, and is headquartered at 12 Farnsworth Street in Boston, Massachusetts. It may be served with process through its registered agent, Illinois Corporation Service Company, at 801 Adlai Stevenson Drive in Springfield, Illinois.

10. Defendant EZE Castle Software LLC Preferred Provider Plan is an ERISA welfare benefits plan sponsored by EZE Castle Software LLC. Mark subscribed to the plan at all times relevant to this Complaint, and P.H. was a beneficiary of the plan at all times relevant to this Complaint. The plan may be served with process in the same manner as EZE Castle Software LLC.

11. Plaintiff Mark Hamilton, as parent and guardian of P.H., lives in Cook County, Illinois.

## JURISDICTION AND VENUE

12. The Court's jurisdiction is based on the Employee Retirement Income Security Act of 1974 ("ERISA") and, in particular, 29 U.S.C. § 1132(e)(1), (f).

13. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## STATEMENT OF FACTS

1. P.H. was a healthy four-month-old infant when his family took him on a vacation to Florida.

2. During the trip, P.H. became lethargic and refused to drink or eat. He also developed a fever and had difficulty breathing.

3. His family took P.H. to the emergency department of Golisano Children's Hospital of Southwest Florida.

4. Doctors at Golisano examined P.H., conducted tests, and administered intravenous fluids to compensate for P.H.'s refusal to drink or eat.

5. P.H.'s doctors suspected that he had infant acute lymphoblastic leukemia, a rare form of cancer that affects only about 90 infants each year.

6. Golisano doctors Craig A. MacArthur and Robert Monge met with the family to discuss the suspected diagnosis, noting that P.H. faced a prolonged hospitalization and that treatment for the suspected leukemia would likely exacerbate his existing respiratory infection. Accordingly, the doctors "strongly recommended" that P.H. return to Chicago for that treatment, and indicated that "the transfer should take place as soon as possible."

7. The doctors also determined that P.H. could not fly commercially or make the long drive from Florida to Illinois in his condition. Instead, he required air-ambulance transportation.

8. P.H.'s family agreed with the plan proposed by the doctors, and made the necessary arrangements. An air-ambulance provider transported P.H. to the Ann & Robert H. Lurie Children's Hospital in Chicago, Illinois on December 20, 2016.

9. Doctors at Lurie confirmed that P.H. had infant acute lymphoblastic leukemia.

10. P.H. remained hospitalized for more than three weeks, as doctors administered chemotherapy. He also had to be intubated when his respiratory failure worsened.

11. During the course of his treatment, P.H.'s condition began to improve. He was extubated and resumed breastfeeding. His weight began to increase and his condition stabilized. His doctors prescribed medication for nausea and vomiting, and discharged him home. Noting that P.H. was at significant risk for tumor lysis syndrome (a potentially fatal complication of chemotherapy) and infection, his doctors directed that P.H. return shortly for a follow-up appointment and continuing treatment.

12. After the air-ambulance provider submitted a timely claim for benefits on P.H.'s behalf, Blue Cross Blue Shield of Massachusetts (acting on behalf of the plan) denied coverage. Blue Cross asserted that P.H. could have obtained adequate treatment in Florida, and deemed P.H.'s transportation to Lurie a matter of convenience.

13. Respectfully, that assertion is self-serving and completely inconsistent with the record.

14. At the time of his transportation, P.H. was a four-month-old infant beginning what promised to be a long battle with a rare form cancer. Facing both a lengthy hospitalization in the near term and substantial ongoing treatment in the long term, P.H.'s transfer to Lurie was medically necessary–both to afford him the necessary continuity of care among his providers, and to allow his family to make medical decisions, communicate with his doctors, and learn to care for P.H. following his eventual discharge.

15. Notably, P.H.'s physicians in Florida agreed, and "strongly recommended" that he transfer to Chicago as soon as possible.

16. The plan covers air-ambulance transportation when it is "medically necessary," which the plan defines as, among other things, treatment that is "[n]ot more costly than an alternative service or sequence of services *at least as likely to produce the same therapeutic or diagnostic results* to diagnose or treat your illness, injury or disease." (Emphasis added.) The plan also includes the limitation referenced by Blue Cross–transportation cannot be primarily for the convenience of the patient.

17. But P.H. was not transferred for convenience, and as his doctor determined, the air-ambulance transportation was medically necessary. The idea that P.H. was "at least as likely" to achieve the same results by undergoing a three-week inpatient stay in Florida without the benefit of family support, only to transfer to Chicago where a new group of physicians, unfamiliar with his diagnosis and treatment course, would have to start over from square one, is not credible.

18. Blue Cross wrongly denied coverage for P.H.'s claim, and the plan's internal appeal process has been exhausted.

19. Plaintiff Mark Hamilton, as parent and guardian of P.H., now brings this suit under ERISA § 502(a)(1)(B), seeking benefits under the terms of the plan, prejudgment interest, and attorney's fees.

## CAUSE OF ACTION

20. Plaintiff incorporates and realleges the allegations of the preceding paragraphs.

21. Plaintiff is entitled to recover benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

22. Plaintiff is entitled to recover prejudgment interest. 29 U.S.C. § 1132(a)(1)(B), (a)(3).

23. Plaintiff is entitled to recover attorney's fees and costs. 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff seeks judgment in his favor and against the defendants, as follows:

A Reimbursement of the charges for P.H.'s air-ambulance transportation from Florida to Illinois, in the amount provided for by the plan;

B. Prejudgment interest;

C. Costs of suit; and

D. Any and all other damages to which Plaintiff may be entitled.

Dated: May 11, 2018

Respectfully submitted,

/s/ Eamon P. Kelly

Eamon P. Kelly
Nathan Shev
Sperling & Slater, P.C.
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
T: (312) 641-3200
F: (312) 641-3200
ekelly@sperling-law.com
nshev@sperling-law.com

Mark D. DeBofsky
DeBofsky & Associates, P.C.
200 W. Madison Street Suite 2670
Chicago, Illinois 60606
T: (312) 561-4040
F: (312) 929-0309
mdebofsky@debofsky.com

*Attorneys for Mark Hamilton, as parent and guardian of P.H.*